D2EUFERC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA

4            v.                          10 CR 863(AKH)

5   JOE FERNANDEZ,

6                Defendant.

7   ------------------------------x

8                                        New York, N.Y.
                                         February 14, 2013
9                                        3:00 p.m.

10

11  Before:

12                  HON. ALVIN K. HELLERSTEIN

13                                         District Judge

14                      APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    BY:  TODD W. BLANCHE
17       RUSSELL CAPONE
         JOHN P. CRONAN
18       Assistant United States Attorneys

19  MURRAY RICHMAN
         Attorney for Defendant
20  BY:  BRIAN PAKETT

21

22

23

24

25

                SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

D2EUFERC

1              THE DEPUTY CLERK:  United States v. Fernandez.

2              Counsel, state your appearances for the record.

3              MR. BLANCHE:  Good afternoon, your Honor.

4              Todd Blanche, John Cronan and Russell Capone, for the

5    government.

6              THE COURT:  Good afternoon, everyone.

7              MR. PAKETT:  Good afternoon, your Honor.

8              Brian Pakett, of counsel to the office of Murray

9    Richman on behalf of Mr. Fernandez, to my right.

10             THE COURT:  Be seated everyone.

11             The first step is to arraign Mr. Fernandez on the

12   superseding indictment.

13             THE DEPUTY CLERK:  Mr. Fernandez, please rise.

14             You are Joe Fernandez?

15             THE DEFENDANT:  Yes, I am.

16             THE DEPUTY CLERK:  Have you seen a copy of the

17   superseding indictment?

18             THE DEFENDANT:  Yes, I did.

19             THE DEPUTY CLERK:  Have you discussed it with your

20   attorney?

21             THE DEFENDANT:  Yes.

22             THE DEPUTY CLERK:  Would you like me to read it to

23   you?

24             THE DEFENDANT:  No, thank you.

25             THE DEPUTY CLERK:  How do you plead?

D2EUFERC

1          THE DEFENDANT:  Not guilty.

2          THE COURT:  A plea of not guilty will be entered on

3     behalf of Mr. Fernandez.

4          Is there any additional activity that is required by

5     this affidavit as related to the prior indictment?

6          MR. BLANCHE:  No, your Honor.  It was just to clean it

7     up for trial, your Honor.  The other defendants on the original

8     indictment have pleaded guilty and so we just cleaned up the

9     indictment, your Honor.

10          THE COURT:  From the point of view of the defense, do

11     you agree, Mr. Pakett?

12          MR. PAKETT:  Yes, we do, your Honor.

13          THE COURT:  Are we ready for trial; the trial is, I

14     think, supposed to begin on Tuesday?

15          MR. BLANCHE:  Yes, your Honor.

16          THE COURT:  The government will be ready?

17          MR. BLANCHE:  Yes, your Honor.

18          THE COURT:  Defense will be ready?

19          MR. PAKETT:  Yes, we will, your Honor.

20          THE COURT:  How many days of trial do you anticipate

21     it will be?

22          MR. BLANCHE:  Your Honor, I believe eight days, as far

23     as evidence from the government.

24          THE COURT:  Do you know your witnesses?

25          MR. BLANCHE:  Yes, your Honor.

D2EUFERC

1          THE COURT:  Have you given the list of witnesses to

2    Mr. Pakett?

3          MR. BLANCHE:  Mr. Pakett has all of the 3500 material

4    so, yes, he has a list of all of the witnesses, not the order.

5    We have discussed that with Mr. Pakett and Mr. Richman.  We

6    will get that to them later today or tomorrow, at least the

7    first five or six witnesses so he knows who is coming first.

8          THE COURT:  Apart from the issues I have to decide,

9    Mr. Pakett, are there any things that you need for trial?

10          MR. PAKETT:  Yes.  I have drafted an order with

11    respect to clothing for my client.

12          THE COURT:  Hand it up and I will sign it.

13          Is he in the MDC or MCC?

14          MR. PAKETT:  MCC.

15          MR. BLANCHE:  Your Honor, just having spoken with the

16    marshals, one request on that order is that the defendant be

17    allowed to wear his own socks.  The Bureau of Prisons may not

18    allow his own socks, so if he is not allowed to have his own

19    socks, he will just have to wear prison issue.  The marshals

20    were not positive about that, but in any event, the government

21    does not object to the request made.

22          THE COURT:  What should I write on socks?

23          MR. BLANCHE:  I would say, if allowed under BOP

24    regulations.

25          THE COURT:  I will write "three pairs of socks, if

D2EUFERC

1    allowed by BOP."

2              MR. BLANCHE:  Yes, your Honor.  Thank you.

3              THE COURT:  A leather belt is not a problem?

4              MR. BLANCHE:  Pardon?

5              THE COURT:  A belt is not a problem?

6              MR. BLANCHE:  Belts are not a problem, your Honor.

7              THE COURT:  Here is your order, Mr. Pakett.

8              MR. PAKETT:  Thank you, your Honor.

9              Your Honor, the other remaining issue from the defense

10   is that myself, along with Mr. Richman, though I am concerned

11   about this, is that we plan on using two iPads during the

12   course of the trial.

13             THE COURT:  There is a form that you should give to

14   me.  Get it to me tomorrow.

15             MR. PAKETT:  Very well.

16             THE COURT:  Get it to me and I will sign it.

17             MR. PAKETT:  Thank you.

18             THE COURT:  You might want to discuss -- talk to

19   Ms. Jones after this session is over so that we can make sure

20   that everything works smoothly.

21             MR. PAKETT:  I will.  Thank you, your Honor.

22             THE COURT:  How is the government going to deal with

23   exhibits?

24             MR. BLANCHE:  Your Honor, we have provided the

25   exhibits to defense counsel already.  We anticipate having all

D2EUFERC

1    the exhibits loaded into an electronic program, Sanctions, so

2    we anticipate setting up a large screen tomorrow, I believe, in

3    your Honor's courtroom.

4              THE COURT:  Tomorrow afternoon.

5              MR. BLANCHE:  Yes.

6              And we expect that most of the exhibits, if there is a

7    hard copy, it will be shown to the witnesses, for example, a

8    photograph, but it will then be displayed through Sanctions for

9    the jury and, obviously, the Court and the defendant to see.

10   There are a few exceptions to that, for example, the medical

11   examiner is going to use a blow-up, we expect, instead of the

12   screen but, for the most part, every exhibit --

13             THE COURT:  Whatever is given to the jury should be

14   given in multiple copies so that we could avoid delay as one

15   juror passes it to the next.

16             MR. BLANCHE:  We don't anticipate giving anything to

17   the jury as far as where they will need to pass anything

18   around, except for, potentially, ammunition or bullets, but

19   nothing that would require multiple copies.

20             THE COURT:  I will ask you just to hold those up

21   unless you need individual touch.

22             MR. BLANCHE:  No problem.

23             THE COURT:  How about your side, Mr. Pakett, any issue

24   with exhibits?

25             MR. PAKETT:  None at this time.

D2EUFERC

| 1 | THE COURT:  You don't have to ask me for permission to

2 | approach a witness.  You don't have to ask me for permission to

3 | begin.  If you need to approach, you approach, just do it

4 | professionally and don't abuse the privilege.

5 | The rail between you and the jury is neutral

6 | territory; try not to put anything there such as papers or

7 | exhibits or anything else or lean on it.  It is a separation.

8 | I don't require that you stand rigidly at the podium

9 | when addressing the jury.  If you like to walk, you can but,

10 | again, don't abuse the system.

11 | My policy is to allow you to conduct a trial the way

12 | it is comfortable to you.

13 | Objections are one word, "objection."  I don't mind

14 | "objections."  If you feel that there is an objection that is

15 | appropriate, exercise it and I will rule.  If I need more

16 | information, I will call you to the sidebar.  My policy is to

17 | reduce to the point of zero the need for sidebars.  You can ask

18 | me for it, but if I don't see the need for it, I won't grant

19 | it.  If there is a particular problem that you anticipate, let

20 | me know about it in advance.  Objections are appropriate as

21 | well for openings and closings.  I have no rule limiting

22 | objections except I don't want speaking objections.

23 | For the government's sake in opening and closing, one

24 | person does both.  The Assistants should not plan that one does

25 | an opening and one does a rebuttal -- I'm sorry -- you can

D2EUFERC

1    alternate who does the opening and who does closing, but in

2    terms of closing, opening on closing and rebuttal on closing,

3    it must be the same Assistant.

4                MR. BLANCHE:  So --

5                THE COURT:  If you are doing it, you need to do both

6    the opening of the closing and the rebuttal of the closing.

7                MR. BLANCHE:  Understood.  Our expected order had been

8    Mr. Capone was going to give the opening statement.  Mr. Cronan

9    was going to give the summation, and I was going to give the

10   rebuttal because there are three of us.  Your Honor is saying,

11   Mr. Capone can give the opening, but whoever gives the

12   summation also does the rebuttal?

13               THE COURT:  Right.

14               The method of jury selection, I think I discussed with

15   you before, have I?

16               MR. BLANCHE:  Yes, your Honor, you have.

17               THE COURT:  You know that you will be exercising

18   peremptories from your chair?

19               MR. BLANCHE:  Yes, your Honor.  We discussed that last

20   time, yes.

21               THE COURT:  The trial day begins at 10 and goes as

22   close to 5 as possible -- have I told you this already -- with

23   a break for lunch of an hour and a quarter and a mid morning

24   break, to the extent that the jury wants one and a mid

25   afternoon break to the extent the jury wants one.

D2EUFERC

1          I don't plan to sit on the 22nd, Friday, on the 27th,

2     the 28th -- I will be out of the city so we will not sit --

3     until March 1.  Wednesday, Thursday and Friday of that week, I

4     will be out of town.  So we will go just the 25th and 26th that

5     week.  You should be finished with your direct case, if all

6     goes to plan, the beginning of the following week.

7          MR. BLANCHE:  That gives us four trial days?

8          THE COURT:  I think that is wrong.

9          MR. BLANCHE:  In the first two weeks, four trial days?

10         THE COURT:  We will pick the jury on the 19th, the

11    20th and 21st, we have three trial days, we probably need the

12    whole week.

13         MR. BLANCHE:  Sure.  Your Honor, I believe that

14    schedule -- yes, we agree, depending on the length of cross,

15    but certainly in the beginning of that third week, Monday,

16    Tuesday or Wednesday, we will definitely be resting.

17         THE COURT:  Does the government or the defense have

18    any specific voir dire questions to propose to me?

19         MR. BLANCHE:  I believe both parties submitted

20    requests to voir dire.

21         THE COURT:  I was out of town last month.  OK.

22         I like to tell the jury what the case is about in

23    summary fashion and read the indictment as well.  So if you

24    would like, Mr. Blanche, to write a description of the case and

25    then give it to Mr. Pakett or Mr. Richman for their comment, in

D2EUFERC

1    addition, a description of defenses and give it to me and I

2    will consider that in terms of describing the case to the jury.

3              MR. BLANCHE:  Yes, your Honor.

4              THE COURT:  I will also need a list of witnesses and

5    places and items of that nature that I should read to the jury

6    so, again, would you take the first chance at that, Mr.

7    Blanche, and give it to Mr. Pakett, Mr. Richman and give it

8    back to me.  They should be arranged in alphabetical order.

9              MR. BLANCHE:  Yes, your Honor.

10             THE COURT:  Before we get into the motions, is there

11   anything else that you want to ask me, Mr. Blanche?

12             MR. BLANCHE:  It is not a motion in particular but

13   just, your Honor, to put on the record any plea discussions in

14   light of recent Supreme Court cases.

15             THE COURT:  You would like that to happen.  Thank you

16   for reminding me.  We will do that as soon as we finish this.

17             MR. BLANCHE:  Sure.

18             THE COURT:  Anything else, Mr. Blanche?

19             MR. BLANCHE:  No, your Honor.

20             THE COURT:  Mr. Pakett?

21             MR. PAKETT:  Just very specifically, Mr. Richman had

22   asked me ask the Court -- we are scheduled to start trial on

23   Tuesday at 10 a.m., is my understanding.  He has a scheduled

24   sentence before Judge Preska at 10 a.m.

25             THE COURT:  We will start at 10:30.

D2EUFERC

1           Off the record.

2           (Discussion off the record)

3           THE COURT:  Back on the record.

4           Then let's go to the motions.

5           Has the 3500 material been given to defense?

6           MR. BLANCHE:  Yes, your Honor.  As we discussed with

7    Mr. Pakett, there are one or two other witnesses the government

8    has not decided for sure whether we are going to call.  We will

9    decide that in the next couple of days.  If we do, we will give

10   it to them right away.  Their 3500 material will be very, very

11   thin.  All the other 3500 was turned over two days ago, your

12   Honor, and a little more today.

13          THE COURT:  Any comments about those, Mr. Pakett?

14          MR. PAKETT:  No, your Honor.  We have received all

15   3500 material, as Mr. Blanche has represented.

16          THE COURT:  I take that these coveted DD5s, to the

17   extent that they relate to witnesses.  Early in the case, Mr.

18   Richman moved to receive police reports related to the

19   investigation of the case which are called DD5s.  I denied the

20   motion --

21          MR. BLANCHE:  Yes, your Honor.

22          THE COURT:  -- based on the government's statement

23   that they contain no Brady or Giglio material.  And I ruled

24   that the defense was not entitled to the reports.

25          Whatever is of the Brady or Giglio nature has been

D2EUFERC

1    part of the production you have made, is that right, Mr.

2    Blanche?

3              MR. BLANCHE:  That is correct.

4              THE COURT:  The defense moves to preclude the use of

5    Fernandez's statement made to Darge and the confidential

6    witness while at the MCC.

7              My rulings entail the possibility of an evidentiary

8    hearing with regard to statements.  I don't want to delay the

9    trial.

10             Is there going to be an issue on this, Mr. Blanche?

11             MR. BLANCHE:  Your Honor, the government does intend

12   to elicit questions from Patrick Darge about the conversation

13   he had.  The last conference your Honor had talked about

14   possibly having a very brief voir dire outside the presence of

15   the jury of Mr. Darge before he starts testifying.  We

16   anticipate he will be the first week of trial, but not the

17   first day, we don't think.  We are happy to do whatever the

18   Court wants as far as that, whether it is the morning he is

19   going to testify -- we anticipate asking him three or four

20   questions about any direction the government gave him as far as

21   communicating with the defendant.  We expect he is going to say

22   absolutely positively none, and defense could cross him on

23   that, and we believe that would answer the questions for the

24   Court.

25             THE COURT:  If I conduct an evidentiary hearing before

D2EUFERC

1    the opening, you can possibly, depending on my ruling, make

2    reference to those in opening.

3             MR. BLANCHE:  That's true.  If we did it before the

4    opening, we could use it in our opening.  It is not in the

5    opening right now because we were expecting any hearing or voir

6    dire to be after the opening.

7             THE COURT:  When do you want me to have it?

8             MR. BLANCHE:  Our preference would be to do it the

9    morning he is testifying, just because we are bringing many

10   cooperators -- not many, but at lease one, sometimes two

11   cooperators each day and the defendant is in custody, so

12   bringing Mr. Darge on a day where we already have other

13   cooperators is problematic, just logistically.  We agree we

14   won't open on those statements.  Unless the defense wants to

15   know before they open, we would prefer the morning --

16            THE COURT:  How about Wednesday morning?

17            MR. BLANCHE:  Wednesday morning is perfect.  That is

18   fine, your Honor.

19            And then we will either open Tuesday afternoon or

20   Wednesday morning?  Is that what the Court is expecting?

21            THE COURT:  Well, you will open when we finish

22   selecting the jury.

23            MR. BLANCHE:  That's fine, your Honor.

24            THE COURT:  Mr. Pakett.

25            MR. PAKETT:  My only issue, your Honor, was, we were

D2EUFERC

1    speaking with respect to Patrick Darge.  My understanding is

2    that there will be similar testimony from a government witness

3    who was to have been my client's bunkie in MCC, and I apologize

4    to the Court, I do not have his name offhand.

5              MR. BLANCHE:  Yubel Mendez.

6              MR. PAKETT:  We would ask for a similar inquiry

7    outside the presence of the jury with respect to Mr. Mendez.

8              THE COURT:  When do you want to do it?

9              MR. BLANCHE:  Mr. Mendez, we expect to call later in

10   the trial.

11             THE COURT:  How about Wednesday morning?

12             MR. BLANCHE:  How about Wednesday morning as well?

13             THE COURT:  For Mr. Mendez.  We will do it later.

14             When do you want to do it?

15             MR. BLANCHE:  Your Honor, the government --

16             THE COURT:  Tell me the day.  It is a 15-minute deal.

17   Tell me the day before.

18             MR. BLANCHE:  Perfect.  Yes, your Honor.

19             THE COURT:  Those are the only ones?

20             MR. BLANCHE:  Yes, your Honor.

21             THE COURT:  Read those names again.

22             MR. BLANCHE:  Patrick Darge, D-A-R-G-E, and Y-U-B-E-L

23   M-E-N-D-E-Z.

24             THE COURT:  In my notes I have Suero, Reyes and

25   Rodriguez-Mora.  Those are not going to be involved?

D2EUFERC

1              MR. BLANCHE:  No, your Honor.  That is correct.

2              THE COURT:  Are there any other open motions, Mr.

3    Pakett?

4              MR. PAKETT:  Yes, I believe there is, your Honor.

5              With respect to the government's in limine motion, I

6    believe they had asked the Court to admit a statement from

7    Mr. Jose Rodriguez who the government is representing would be

8    unavailable at trial based on the fact that his attorney has

9    informed the government that he would be pleading the Fifth.

10             THE COURT:  What would you like me to do, Mr. Pakett?

11             MR. PAKETT:  We would ask that the People be precluded

12   from going into that statement at all, your Honor.

13             THE COURT:  Well, if he is precluded from testifying

14   by the Fifth, he is unavailable.

15             MR. PAKETT:  Understood, your Honor.

16             THE COURT:  It is up to you.  If you want me to hold a

17   voir dire, whether or not he will exercise his Fifth Amendment

18   rights, I am glad to do it.  If you want to waive that, I will

19   also do that.  I will do whatever you want.

20             MR. PAKETT:  We would not waive that.  We would wish

21   the Court to do a voir dire.

22             THE COURT:  Then we would need a voir dire.

23             MR. BLANCHE:  Mr. Pakett referenced Jose Rodriguez.

24   Jose Rodriguez is pending extradition in Spain and is

25   unavailable because of that.

D2EUFERC

| 1  | THE COURT:  Just prove it.  Put it on the record. |
|----|---|

1          THE COURT:  Just prove it.  Put it on the record.

2          MR. BLANCHE:  The other person is Manuel Aladino

3  Suero.  He pled guilty last week.  We gave his attorney a

4  subpoena to testify.  And his attorney indicated -- and we will

5  provide that information to defense counsel -- he will plead

6  the Fifth and will not testify at trial.  I believe there is

7  Second Circuit case law that we are happy to provide the Court

8  and the defense that, given those circumstances, it is not

9  necessary to call the witness in front of the jury or even in

10 front of your Honor.

11         THE COURT:  You can have his lawyer come here in court

12 and testify as to what his client will do, and that will be

13 sufficient.

14         MR. BLANCHE:  Yes, your Honor.

15         MR. PAKETT:  For clarification, I apologize to the

16 Court.  When I said Jose Rodriguez, I meant Mr. Aladino Suero.

17         THE COURT:  What do you want me to do with Mr. Suero?

18 I am not going to compel Mr. Suero to come here, and it is not

19 going to be before the jury.

20         MR. PAKETT:  Understood.

21         THE COURT:  I will just tell the jury that we will

22 hear Mr. Suero's testimony by deposition because he is not

23 available.

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  If you want something else, let me know.

D2EUFERC

1           MR. PAKETT:  I will, your Honor.

2           THE DEFENDANT:  Do you know what you want now?

3           MR. PAKETT:  I do not.

4           THE COURT:  So Mr. Richman can either take the

5    representation, Mr. Blanche, with as much detail as he

6    considers appropriate, or if he wants to have Suero's lawyer

7    come in, you and Mr. Blanche can discuss a convenient time and

8    place for that.

9           MR. PAKETT:  I will.  I will speak to Mr. Richman and

10   I will speak to Mr. Blanche and we will work that out.

11          THE COURT:  As to the extradition, it seems to me that

12   Mr. Blanche can make a representation with as much as detail as

13   is appropriate to show that the witness is not available.

14          MR. BLANCHE:  Just so that your Honor is aware, Mr.

15   Cronan submitted a declaration as part of the motion, and that

16   was submitted on December 12th of last year, explaining the

17   steps that we have gone through to make him available.  And I

18   think when your Honor talks about putting something on the

19   record, the declaration should certainly cover that, to show

20   the Court and the defense that Mr. Rodriguez-Mora is in fact

21   unavailable because he is pending extradition.

22          THE COURT:  Have you read it?

23          MR. PAKETT:  Yes, we have.  We would be in agreement

24   that Mr. Rodrigues-Mora is unavailable.

25          THE COURT:  Then I will tell the jury that he is not

D2EUFERC

1   available and his testimony will be by deposition.

2          Mr. Cronan, this information stated in your

3   declaration is up-to-date?

4          MR. CRONAN:  It is, your Honor.  We have been in

5   regular contact with our embassy in Spain and the extradition

6   is still pending.

7          MR. BLANCHE:  Your Honor, there is no deposition or

8   anything that we are seeking to offer.  The testimony that we

9   anticipate offering involving these two witnesses' statements

10  are statements that they made to others who will testify.

11         THE COURT:  In order for you to get that in, you have

12  to show declarant is unavailable.

13         MR. BLANCHE:  That's why we are going through this

14  step, and then assuming it is otherwise admissible -- which we

15  believe it is -- for various reasons, depending on the

16  statement in question, because they were unavailable, we cross

17  that first threshold question.

18         THE COURT:  Mr. Pakett, you will state your objection

19  at the time and I will overrule the objection on the ground

20  that the witness is not available.

21         MR. PAKETT:  Understood, your Honor.

22         THE COURT:  Anything else that is open?

23         MR. PAKETT:  Not from the defense, your Honor.

24         MR. BLANCHE:  Your Honor, the only other in limine

25  motion that your Honor didn't specifically rule on, I don't

D2EUFERC

1    believe, is, Patrick Darge is going to testify.  He was one of

2    the shooters, and Mr. Fernandez was the other shooter.  He is

3    going to testify, we expect, that when he gets asked to commit

4    the murders, he recruits his cousin Mr. Fernandez to do it with

5    him.  We expect he will say that one of the reasons he

6    recruited Mr. Fernandez as opposed to somebody else is that he

7    knew that Mr. Fernandez had committed crimes and he knew that

8    from conversations with him -- and not anything like the

9    murders that are at issue in this case -- robberies and

10   burglaries and things like that.

11          Your Honor, the government certainly thinks this is

12   admissible to give the jury background and explain why Mr.

13   Darge went to Mr. Fernandez.  And we certainly know and expect

14   that Mr. Richman and Mr. Pakett are going to accuse Mr. Darge

15   of lying about going to get Mr. Fernandez, so we certainly

16   would like to get a ruling about the admissibility of that.

17          At the last conference, we went back and forth with

18   your Honor about why it would be or would not be admissible.

19   That is still open.

20          I think your Honor's ruling was that you will wait and

21   see.  If Mr. Richman opens on the fact that Patrick Darge is a

22   liar or something like this, you would be inclined to allow it

23   in, but that is still open at this point, your Honor.

24          THE COURT:  I will think a little more about it.

25          What is your position, Mr. Pakett?

D2EUFERC

1          MR. PAKETT:  Obviously, we would object to any

2     testimony from Mr. Darge speaking with reference to

3     Mr. Fernandez about other crimes.  First of all, that would be

4     prejudicial to Mr. Fernandez.  Mr. Darge is simply going to say

5     what the government in the 3500 material we have reviewed --

6     without any firsthand knowledge, simply that Mr. Fernandez

7     committed other crimes because that's what he was told.

8          THE COURT:  If it is relevant, in terms of what

9     Mr. Darge thought; so the fact of whether he did or did not is

10     not relevant, what is relevant is what is in Mr. Darge's mind.

11          The next question is whether every expression in his

12     mind, specifically, crimes is relevant.  It seems to me this is

13     a subject that you are going to wish to explore on

14     cross-examination, Mr. Pakett?

15          MR. PAKETT:  Absolutely, your Honor.

16          THE COURT:  In that case, I don't see anything wrong

17     with the government anticipating that by creating a context for

18     the conversation.  So I think it is relevant and admissible

19     from what I have been told, however, I don't think it should be

20     mentioned in the opening.

21          MR. BLANCHE:  Yes, your Honor.

22          THE COURT:  Is there anything else that is open?

23          MR. BLANCHE:  I don't think anything else is open.

24          Any other issues, obviously, we are still working with

25     Mr. Pakett and Mr. Richman.

D2EUFERC

1          We will get your Honor the witness names and places in

2     advance of the voir dire, exhibit lists and the like in the

3     next day or two, your Honor.

4          THE COURT:  Get Mr. Dworkowtz's email for easier

5     communication.

6          MR. BLANCHE:  Sure.  We left your Honor two copies of

7     government exhibit binders and two sets of the 3500 material so

8     that the Court has that as well.

9          THE COURT:  Thank you very much.

10          I think that served my purposes here.

11          Anything else?

12          MR. BLANCHE:  Just the plea discussion, your Honor.

13          THE COURT:  Thank you for reminding me again.

14          Put it on the record.

15          MR. BLANCHE:  Your Honor, we have had no discussions

16     with defense counsel of any substance about a disposition short

17     of trial of this case.  Based upon those discussions with

18     defense counsel, that's because Mr. Fernandez isn't interested

19     in a disposition that would require him to admit his guilt as

20     being a murderer, so we have not made a formal offer.  There

21     has been no plea agreement given to Mr. Fernandez or his

22     counsel up to this point, your Honor.

23          THE COURT:  Mr. Pakett.

24          MR. PAKETT:  That is correct, your Honor.  We have

25     told Mr. Blanche from the very outset that Mr. Fernandez has

D2EUFERC

1    maintained his innocence.  He does not have an interest in a

2    plea of any sort, therefore, we have had no plea discussions.

3            THE COURT:  I would like to say a word or two to

4    Mr. Fernandez directly on this subject.

5            Mr. Fernandez, I am going to say what I am about to

6    say, not because I don't have complete trust in your lawyers,

7    but I feel it is my duty to do this as a judge.

8            Every defendant has a constitutional right to trial.

9    It is guaranteed by the Constitution.

10           Every defendant also has the right to discuss with the

11   government the possibility of a plea in exchange for a

12   recommendation by the government to me as the sentencing judge

13   as to what might be a reasonable and appropriate and just

14   sentence.  Usually, the government's recommendation is

15   considered very seriously by the judge.  So if the government

16   might recommend a sentence lower than that that could be

17   provided by the guidelines, the judge will consider that very

18   seriously.  Therefore, defendants have the right to have their

19   lawyers discuss with the government the possibility of a plea.

20           Furthermore, the law tends to be skeptical wherever

21   human beings are involved.  We know that there are economic

22   interests by some lawyers -- not Mr. Richman, not Mr. Pakett --

23   who want to try cases because they feel they could make more

24   money trying the cases or they can make a reputation trying

25   cases and get more clients that way.

D2EUFERC

 1          So the law, being the way it is and skeptical about

 2     all people, wants to make sure that the defendant himself knows

 3     that he has this right to have the plea discussions with the

 4     government and wants the judge to make sure that the defendant

 5     understands that right, and that's why I talk to you directly.

 6          So you have the right to have Mr. Richman and Mr.

 7     Pakett and, in some circumstances, yourself, go to the

 8     government and say, Look, Mr. Government, I want to plead

 9     guilty.  What are your terms?

10          If the government insists on a plea to the crimes

11     stated in the indictment and you don't want to plead, you want

12     to try the case, that's your business.  That's your right.  But

13     sometimes you don't know until you negotiate and ask.  And it

14     might be a crime lesser than that stated in the indictment

15     which the government might accept in exchange for some form of

16     punishment recommendation.

17          So you have all of these opportunities, and I hear

18     that you have decided that you are not interested, in any

19     event, that you wish to go to trial.  Is that correct?

20          THE DEFENDANT:  That's correct.

21          THE COURT:  Is there anything that I have said that

22     causes you to have some question?

23          THE DEFENDANT:  No.

24          THE COURT:  You are perfectly clear as to your rights?

25          THE DEFENDANT:  I understand everything that you have

D2EUFERC

1    said.

2                THE COURT:  You are comfortable in your decision to

3    have this case tried?

4                THE DEFENDANT:  That's correct.

5                THE COURT:  Exercising your constitutional rights

6    requiring the trial by the government and proof by the

7    government beyond a reasonable doubt is the only way that you

8    could be convicted.

9                I don't know if I said that elegantly enough.  In

10   other words, unless the government proves the case alleged

11   beyond a reasonable doubt to the unanimous satisfaction of all

12   the jurors, you can't be convicted.  Do you understand that?

13               THE DEFENDANT:  I understand.

14               THE COURT:  And you would like to have that right,

15   that is, a trial, over the right to try to negotiate a plea

16   yourself?

17               THE DEFENDANT:  Yes.

18               THE COURT:  Satisfied?

19               MR. BLANCHE:  Yes, your Honor.  Thank you.

20               THE COURT:  Anything else?

21               MR. BLANCHE:  Not from the government.

22               THE COURT:  From the defense?

23               MR. PAKETT:  Not from the defense.

24               Thank you.

25               THE COURT:  Mr. Richman will call or you will call,

D2EUFERC

1    Mr. Blanche, Ms. Jones.  Not hearing from you, I will assume

2    that we will start at 10:30 or such time as Mr. Richman can get

3    here from Judge Preska's court.

4              MR. PAKETT:  That's correct.

5              Thank you.

6

7                             o    0   o

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25