```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x
    UNITED STATES OF AMERICA,
 3
                v.                         S2 10 Crim. 863 (AKH)
 4
    JOE FERNANDEZ,
 5
                Defendant.
 6  ------------------------------x

 7                                          New York, N.Y.
                                            October 30, 2013
 8                                          11:20 a.m.

 9
    Before:
10
                    HON. ALVIN K. HELLERSTEIN,
11                                      District Judge

12
                             APPEARANCES
13
    PREET BHARARA
14       United States Attorney for the
         Southern District of New York
15  TODD BLANCHE,
    JOHN CRONAN
16       Assistant United States Attorneys

17  MURRAY RICHMAN,
    BRIAN PAKETT,
18       Attorneys for Defendant

19  FOX ROTHCHILD, LLP
         Attorney for Defendant
20  ROBERT W. RAY

21

22

23

24

25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
 1              (In open court; case called)
 2              MR. BLANCHE:  Good morning, your Honor.  Todd Blanche
 3   and John Cronan for the government.
 4              MR. RICHMAN:  Good morning, your Honor. Murray Richman
 5   and Brian Pakett, presently for the defendant.
 6              THE COURT:  Yes, I understand.
 7              Mr. Fernandez is here?
 8              MR. RICHMAN:  Yes.
 9              MR. RAY:  Good morning, your Honor.  Robert W. Ray,
10   the CJA panel.
11              THE COURT:  And you are going to be the lawyer for Mr.
12   Fernandez?
13              MR. RAY:  Yes, your Honor, if appointed.
14              THE COURT:  Mr. Fernandez, is it your wish that I
15   discharge Mr. Richman?
16              THE DEFENDANT:  Yes, it's correct.
17              THE COURT:  Is it because you can't get along anymore?
18              THE DEFENDANT:  Yes, because of a couple of things I
19   had asked for, and a couple of guys that were involved, that he
20   didn't inform me of.
21              THE COURT:  I give every defendant one free choice to
22   withdraw from the representation, and to have me appoint
23   someone else.
24              Mr. Richman was your retained counsel?
25              THE DEFENDANT:  That's correct.
```

1           THE COURT:  And now you have to qualify for a CJA
2 appointment?
3           THE DEFENDANT:  That's correct.
4           THE COURT:  So I need the papers for that.
5           MR. RAY:  I filled out a financial affidavit and Mr.
6 Fernandez has signed it.
7           THE COURT:  Do I need to approve that?
8           MR. RAY:  Yes, I believe you do, unless you want to
9 refer it to a Magistrate Judge.
10          THE COURT:  So, Mr. Richman, I discharge you and your
11 colleague with our thanks.  And before you go, there is a few
12 things I have to give you.
13          I signed the affidavit and dated it October 30, 2013.
14          And do you file it, Ms. Jones?
15          THE DEPUTY CLERK:  Yes.
16          THE COURT:  Mr. Fernandez and Mr. Richman, the docket
17 discloses two motions, and I recall two motions, that Mr.
18 Fernandez has filed.
19          I recall that with the first I was uncomfortable
20 accepting it because I should not be accepting a motion filed
21 by a defendant who has counsel.  And either I sent it back to
22 Mr. Fernandez or I forwarded it to you, Mr. Richman.
23          MR. RICHMAN:  I never received it, your Honor.
24          THE COURT:  Did I forward it back to you, Mr.
25 Fernandez?

1            THE DEFENDANT:  Yes.  But when I filed my motion to
2   you, he was not my lawyer, I already had fired him.
3            THE COURT:  He's your lawyer until I discharge him.
4   You may not want him anymore.  A defendant cannot go
5   unrepresented.  And, besides, you didn't serve the Assistant
6   United States Attorney in the case.
7            THE DEFENDANT:  I did and they received it.
8            THE COURT:  Mr. Blanche?
9            MR. BLANCHE:  Yes, your Honor, I received his first
10  motion.
11           THE DEFENDANT:  I sent it to you and the clerk and the
12  prosecutor.
13           THE COURT:  So you will give it to Mr. Ray.  If
14  Mr. Ray wants to adopt the motion, or if he feels that you
15  should be sending it yourself, then I will take it.
16           There is also a second motion that is made, which I
17  haven't read, and which I will now give to Mr. Ray.
18           Mr. Ray, will you please review both?
19           MR. RAY:  I will.
20           THE COURT:  And discuss both with your client and then
21  let me know what your pleasure is, if you substitute a formal
22  motion or work with this motion, or whatever you think is
23  appropriate, working with Mr. Fernandez.
24           I want to tell you this, Mr. Ray, if Mr. Fernandez
25  wants a motion to be made, and after full discussion with you

1  insists on it, make the motion to the best of your ability.  If
2  you feel that it is not likely to succeed, or there is some
3  problem with the merits that can't be fixed up, err on the side
4  of filing a motion.
5              MR. RAY:  Understood, your Honor.
6              THE COURT:  Mr. Fernandez, was found guilty of a
7  serious charge, very serious charge, and we should allow him to
8  present whatever legal issues he thinks he can.  He has only
9  one shot to do it, we can't have it coming in piecemeal.  So
10 figure out the best way to do and file the appropriate motion.
11             MR. RAY:  Yes, your Honor.
12             THE COURT:  How much time do you think I should give
13 you?
14             MR. RAY:  Your Honor, I understand there is at least a
15 tentative sentencing date scheduled for December.
16             THE COURT:  That can be adjusted.
17             MR. RAY:  I have read and am familiar with the Rule 29
18 and 33 motions that were filed.  Your Honor issued a decision
19 on those motions.  I obviously have not seen either one of
20 those two yet.  If I could just have an opportunity to review
21 the trial transcript, a month to put that together, I would
22 appreciate it.
23             THE COURT:  Mr. Fernandez, I will give Mr. Ray a
24 month.  And if you need some more time, let me know.  We will
25 adjust the sentencing date.

```
 1                MR. RAY:  Thank you.
 2                THE COURT:  What date should we set it for?  Why don't
 3    we set it for the beginning of February.
 4                MR. RAY:  That's fine.  The existing sentencing date I
 5    think is December 6.  If I could have until the first week of
 6    December for my motions.
 7                THE COURT:  Your motions should be filed by December
 8    6.
 9                MR. RAY:  That's fine.
10                THE COURT:  And that would embrace Mr. Fernandez's
11    motions.
12                MR. RAY:  Yes; understood.
13                THE COURT:  I will mark them in the docket withdrawn
14    without prejudice, and subject to review by newly-appointed
15    counsel.
16                MR. RAY:  I didn't hear the sentencing date.
17    February --
18                THE DEPUTY CLERK:  7 at 11.
19                MR. RAY:  Thank you.
20                THE COURT:  That's not a convenient date.
21                THE DEPUTY CLERK:  February 5 at 11.
22                THE COURT:  Sentencing, February 5 at 11.
23                MR. RAY:  Thank you.
24                THE COURT:  Is there any reason to keep Mr. Richman?
25                Mr. Richman, you will be available to Mr. Ray, please.
```

```
 1            MR. RICHMAN:  Of course I will.  I just learned that
 2   he is the attorney, and I will turn over the file to him.
 3            THE COURT:  Thank you, you are discharged.
 4            MR. RICHMAN:  Thank you, your Honor.
 5            THE COURT:  Anything further I need to do for Mr.
 6   Fernandez at this time?
 7            MR. RAY:  Not at this time.
 8            THE DEFENDANT:  Your Honor, I would like you to accept
 9   the motion --
10            THE COURT:  Just talk to Mr. Ray.
11            MR. RAY:  All right, your Honor, I think we're set.
12            THE COURT:  Thank you very much.
13            MR. RAY:  As I explained to my client, and I heard the
14   instructions from the Court about erring on the side of making
15   sure these things are addressed, I ask for an opportunity to
16   review the return motions.  My client insists he wants those
17   motions filed, and I will follow his instructions.  But I
18   explained to him that I need to see it first before I allow it.
19            THE COURT:  The motions will do better, Mr. Fernandez,
20   if counsel has an opportunity to review it and make them his
21   own.
22            MR. BLANCHE:  Your Honor, the presentence report is in
23   the process of being completed.  My understanding from talking
24   to probation is that they need a scheduled interview with Mr.
25   Fernandez.  But they held off doing so because of the counsel
```

1  issues.
2          THE COURT:  They should hold off some more until
3  Mr. Ray is ready.
4          MR. RAY:  I will confer with the government and we
5  will get that straight.
6          THE COURT:  Thank you.
7
8                              o0o
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25