UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

       - v. -                :          S5 10 Cr. 863 (AKH)

JOE FERNANDEZ,                 :

              Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S OPPOSITION MEMORANDUM TO DEFENDANT
## JOE FERNANDEZ'S MOTION FOR RELIEF

PREET BHARARA
United States Attorney for
the Southern District of New York,
Attorney for the United States
  of America

Todd Blanche
Russell Capone
John P. Cronan
Assistant United States Attorneys
     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        - v. -            :            **S5 10 Cr. 863 (AKH)**

JOE FERNANDEZ,            :

               **Defendant.**            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S OPPOSITION MEMORANDUM TO DEFENDANT
### JOE FERNANDEZ'S MOTION FOR RELIEF

The Government respectfully submits this memorandum in opposition to defendant Joe

Fernandez's motion filed on Friday, October 3, 2014, seeking various forms of relief, including:

(1) *in camera* review by the Court of certain records and interview notes, and potential production

of same; (2) a "so ordered" subpoena seeking certain telephone records; and (3) an adjournment of

the sentencing scheduled for Tuesday, October 7, 2014.   The defendant's motion should be

denied in its entirety.   The Government does not possess any *Brady* material, as it has repeatedly

informed the defendant and his counsel, and the Court has already denied the various requests by

the defendant seeking information from the Government.   Moreover, the purported "new

evidence" – a portion of a monthly statement from Verizon – does not qualify as such because this

information is not evidence that the defendant could not with due diligence have obtained before

or at the time of the trial, nor is there any reason at all to believe that this evidence would have

likely resulted in an acquittal.

I.      Procedural History

On October 18, 2011, Joe Fernandez ("Fernandez") was arrested in the Southern District of

New York on a criminal complaint that charged him with killing a person while engaged in a drug

conspiracy, in violation of Title 21, United States Code, Section 848(e).   On November 8, 2011, a

Grand Jury in this District returned an indictment, docketed as S1 10 Cr. 863 (AKH), charging Fernandez and others with various counts for their alleged roles in the murders of Arturo Cuellar-Tijerina ("Cuellar") and Ildefonso Flores-Vivero ("Flores").

On May 1, 2012, a Grand Jury in this District returned a five-count superseding indictment, docketed as S2 10 Cr. 863 (AKH) (the "S2 Indictment"), charging Fernandez, and others, in several counts.   The S2 Indictment charged Fernandez with two counts of killing a specific person, and aiding and abetting the killing of that person, while engaged in a conspiracy to distribute five kilograms and more of cocaine, in violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2, and one count of participating in a murder-for-hire conspiracy, in violation of Title 18, United States Code, Section 1958.   The S2 Indictment also charged Fernandez with one count of using and carrying a firearm during, in relation to, and in furtherance of a conspiracy to distribute cocaine, and in the course of such violation, killing Cuellar and Flores, with a firearm, and aiding and abetting the same, in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

On February 6, 2013, a Grand Jury in this District returned a five-count superseding indictment, docketed as S5 10 Cr. 863 (AKH) (the "S5 Indictment"), charging only Fernandez with one count of participating in a murder-for-hire conspiracy, resulting in the deaths of Cuellar and Flores, in violation of Title 18, United States Code, Section 1958, and one count of using and carrying a firearm during, in relation to, and in furtherance of a conspiracy to commit murder-for-hire, and in the course of such violation, killing Cuellar and Flores, with a firearm, and aiding and abetting the same, in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

Trial commenced against Fernandez on February 19, 2013, and ended on March 7, 2013, when the jury returned a verdict finding the defendant guilty of both counts.   At the close of the Government's case, defense counsel moved for a judgment of acquittal pursuant to Federal Rule of

Criminal Procedure 29(a).   The motion was denied.   (Trial Transcript ("Tr.") at 870-75).   After the jury returned a guilty verdict, the Court granted defense counsel's requests to extend the time to file any post-trial motions until April 26, 2013.

Fernandez filed a post-trial motion, pursuant to Federal Rules of Criminal Procedure 29 and 33 (the "Fernandez Motion").   The Fernandez Motion was based on the alleged lack of evidence against him at trial. The Government opposed the motion, and by Order dated July 1, 2013, the Court denied the defendant's motion in its entirety.

Thereafter, on May 21, 2014, after the defendant filed yet another motion for a new trial and alleged possible *Brady* violations by the Government, the Court denied again the defendant's motion for a new trial and other relief regarding purported *Brady* material.

After several adjournments of the sentencing, including a lengthy adjournment because the defendant had previously refused to participate in the preparation of the pre-sentencing investigation report, the Court scheduled sentencing for Tuesday, October 7, 2014, at 11:00 a.m. In scheduling the sentencing, the Court agreed to adjourn the sentencing from its previously scheduled date for a "final" time.

On Friday, October 3, 2014, the defendant filed the instant motion.

## ARGUMENT

### I.      Applicable Legal Principles

Rule 33 of the Federal Rules of Criminal Procedure states in pertinent part that a trial court "may vacate any judgment and grant a new trial if the interests of justice so require."   Fed. R. Crim. P. 33.   On a Rule 33 motion to vacate a jury's verdict of guilt, "[t]he 'ultimate test' is 'whether letting a guilty verdict stand would be a manifest injustice . . . .   There must be a real concern that an innocent person may have been convicted.'"   *United States* v. *Canova*, 412 F.3d

331, 349 (2d Cir. 2005) (quoting *United States* v. *Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001)).

While a trial judge, in exercising its lawful discretion to vacate a jury verdict, is entitled to "weigh

the evidence and in so doing evaluate for itself the credibility of the witnesses," *United States* v.

*Sanchez*, 969 F.2d 1409, 1413 (2d Cir.1992), "the court may not wholly usurp the jury's role.   'It

is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon

the jury function of credibility assessment.'"   *United States* v. *Autuori*, 212 F.3d 105, 120 (2d Cir.

2000) (quoting *Sanchez*, 969 F.2d at 1414).

A new trial pursuant to Rule 33 based on newly discovered evidence may be granted

"only upon a showing that the evidence could not with due diligence have been discovered

before or during trial, that the evidence is material, not cumulative, and that admission of the

evidence would probably lead to an acquittal." *United States* v. *Owen*, 500 F.3d 83, 87 (2d Cir.

2007) (quoting *United States* v. *Alessi*, 638 F.2d 466, 479 (2d Cir. 1980)); *see also Canova*, 412

F.3d at 349; *United States* v. *Zagari*, 111 F.3d 307, 322 (2d Cir. 1997).   The "test" in evaluating

a Rule 33 motion for a new trial requires that: (1) the evidence be newly discovered after trial;

(2) facts are alleged from which the court can infer due diligence on the part of the movant to

obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or

impeaching; and (5) the evidence would likely result in an acquittal.   *Owen*, 500 F.3d at 88.

## II.    Discussion

Fernandez attaches to his most recent motion for a new trial a portion of what appears to be

a Verizon telephone bill for telephone number (845) 492- 0601 ("0601") from the month of

October 2011 (the "Verizon Records").   (*See* Exhibit B to Fernandez's Oct. 3, 2014 Motion).   At

trial, via stipulation, the defendant agreed that the 0601 number was used by Fernandez in October

2011, and that certain records from AT&T were true and correct business records (the "AT&T

Records"). Those records were telephone records of Christian Guzman, a cousin of Fernandez's who testified at trial. The significance of the stipulation and records at trial was straightforward: on October 13, 2011, Fernandez and Guzman communicated with their cell phones. This corroborated the testimony of both Guzman and another witness, Alain Darge, who both testified that Fernandez was present in Guzman's apartment that day and spoke with Alain Darge. Alain Darge further recounted how, during that discussion, Fernandez effectively confessed to his role in the murders with which he has been charged. Whereas the AT&T Records showed phone contact between the 0601 number and Guzman the day in question, the Verizon Records do not.

This latest attempt to delay the defendant's sentencing should be denied in short order by the Court. Put simply, there is no way the defendant can overcome the strict requirements of Rule 33 with respect to the Verizon Records. Although there is no proffer by the defendant as to how he came upon these records, it is obvious that the Verizon Records are from the defendant himself. Hence, the defendant cannot show that the evidence could not have been discovered before or during the trial. *See Owen,* 500 F.2d at 87. The defendant has not shown *any* due diligence from which the Court could conclude a reasonable and diligent effort to find this evidence before or during the trial. Under the test articulated in *Owen*, the defendant fails the first two steps. *Id.* at 87-88.

Even if, however, the defendant could show that this evidence could not have reasonably and with due diligence been discovered before or during the trial, the Verizon Records fail every other step under the *Owen* as well. This evidence, which apparently shows an absence of communication between Fernandez and Guzman, is directly contradicted by the AT&T Records, which were true and accurate business records from AT&T. In addition, this evidence, at best, would have been impeachment material for Fernandez to use, purportedly to show that Fernandez

did not go to Guzman's apartment in October 2011.   This evidence in no way goes to the innocence of the defendant, and it would most certainly not have resulted in an acquittal at trial. At trial, the Government called two witnesses, one of whom did not want to testify for the Government (Guzman), both of whom testified that Fernandez came to Guzman's apartment after he learned he was wanted by law enforcement.   Random phone records that show an absence of telephone calls, against official business records from AT&T and the testimony of two live witnesses, would amount to little evidence in favor of the defendant.   Indeed, the defense at trial did not even contest the testimony that the defendant came to Guzman's apartment and met with Alain Darge that day, but rather challenged Alain Darge's testimony as to what was discussed during that meeting.   Thus, because the defendant cannot meet a single one of the factors articulated in *Owen* that would allow the Court to consider whether the Verizon Records should result in a new trial, the Court should deny the Rule 33 motion.

Fernandez also requests that the Court conduct an *in camera* review of information, including the NYPD homicide file, and interview notes that may or may not exist of witnesses that the Government did not call at trial.   The Court should deny this motion for the same reason it has denied requests for similar relief twice before since trial.   There is no basis in law for, and no facts to support, the position that the Government possesses *Brady* material.   As the Government previously informed the Court, during the course of this investigation and prosecution, the Government promptly provided defense counsel with any *Brady* material it possessed, and it does not possess any *Brady* material not previously disclosed to the defendant.   Based on that representation, the Court denied the defendant's two prior applications for the production of (non-existent) *Brady* material.   (Order, April 18, 2014, at 3 ("In this case there is, however, nothing to suggest that the phone calls or prior statements Fernandez contends were suppressed

6

were exculpatory or relevant to witness credibility.   As such, there is no basis for the Court to find that Fernandez's *Brady* rights were violated."); Order, May 21, 2014 ("The government filed a response dated May 8, 2014, which establishes that the government has reviewed its files and confirmed that it has produced all *Brady* material.   I am satisfied by the response.   Accordingly, Fernandez's renewed motion is denied."))   There is no reason for the Court to revisit that ruling and conduct an *in camera* review, especially for the reasons put forth by the defendant, namely, disappointment that the jury accepted Patrick Darge's testimony, along with the voluminous additional evidence introduced at trial, and convicted the defendant.

**Conclusion**

For the foregoing reasons, the Government respectfully submits that the defendant's motion should be denied in its entirety.

Dated: New York, New York
    October 6, 2014

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:    /s/ Todd Blanche
    Todd Blanche
    Russell Capone
    John P. Cronan
    Assistant United States Attorneys
    Tels.: (212) 637-2494/2247/2779

CERTIFICATE OF SERVICE

I, Russell Capone, Assistant United States Attorney, hereby certify that on October

6, 2014, I caused a copy of the attached Government's Opposition Memorandum to Defendant Joe

Fernandez's Motion for Relief to be sent via electronic notification and e-mail to:

Robert W. Ray, Esq.
rwray@foxrothschild.com


/s/ Russell Capone
Russell Capone
Assistant United States Attorney
(212) 637-2247