GRUENSTEIN LAW

1185 Avenue of the Americas
New York, NY 10036
bgruenstein@gruensteinlaw.com

Direct: (212) 379-4901
Office: (212) 379-4910
www.gruensteinlaw.com

October 4, 2026

**VIA ECF AND FAX**

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

*United States of America v. Joe Fernandez*, 10 Cr. 863-5 (AKH)

Dear Judge Hellerstein:

We write on behalf of Defendant Joe Fernandez in opposition to the Government's October 2, 2026 letter requesting an "immediate stay" of the Court's September 23, 2026 Order ("Order," Dkt. 369) and of Mr. Fernandez's release. (Dkt. 372 at 1.) The Government does not even discuss, much less meet, the elements required for imposition of a stay, and thus its request should be denied.

The Government has not articulated any reason why Mr. Fernandez should remain in prison while it considers whether to appeal. (*See* Dkt. 369 at 16; Dkt. 372 at 1.) The unstated premise of the request is that, if the Government does appeal, it will then seek a stay for the duration of the appeal, and that this Court or the Second Circuit will grant one. The history of this case shows otherwise. When the Court granted Mr. Fernandez's first motion for compassionate release, the Government moved in the Second Circuit for a stay of his release pending appeal. (2d Cir. No. 22-3122, Dkt. 7.) The Second Circuit denied the motion, explaining that a stay "requires consideration of the relevant factors, including, most critically, the likelihood of success on the merits and irreparable harm to the movant absent a stay," and concluding "that this standard has not been met." (2d Cir. No. 22-3122, Dkt. 39 (Jan. 4, 2023).)

The case for a stay is even weaker now. *First*, the Government is far less likely now to succeed on appeal. As this Court correctly recognized, the Supreme Court in its decision in this case explained that compassionate release turns on "a defendant's personal circumstances—his advanced age, safety risk, illness, rehabilitation, and the like," and not on "the supposed invalidity of a conviction." (Dkt. 369 at 4–5 (quoting *Fernandez v. United States*, 146 S. Ct. 1292, 1302–03 (2026)).) The Court's Order follows that guidance precisely. It treats Mr. Fernandez's conviction "as fully valid" and rests on his wife's incapacitation and his role as the only available caregiver for her and their minor son, his rehabilitation, and the harsh conditions of his confinement. (*Id.* at 5–13.) To prevail on appeal, the Government would have to show that the Court abused its discretion, *see United States v. Keitt*, 21 F.4th 67, 71–72 (2d Cir. 2021), and it fails even to hint at how it could do so here.

*Second*, the Government's claim of irreparable harm is also weaker than it was on the previous motion. In 2022, it argued that Mr. Fernandez was "a danger to the community" and "a

GRUENSTEIN LAW

significant risk of flight." (2d Cir. No. 22-3122, Dkt. 7 ¶ 33.) Mr. Fernandez has since definitively proven otherwise. As the Court found in its Order, during his 18 months in the community he "was a law-abiding citizen, maintained employment, supported his family, and complied with supervision," and that he "would pose no danger to the safety of any other person or the community." (Dkt. 369 at 14.)

The Government's letter is a pro forma request. It does not identify the elements required for a stay, much less show that they are met. A stay is "an exercise of judicial discretion," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal quotation marks omitted). Yet the Government asks the Court to stay its Order without offering any factual or legal basis to do so. That is unsurprising, because the elements cannot be met.

Each factor weighs against a stay. For the reasons discussed above, the Government cannot make "a strong showing that [it] is likely to succeed on the merits," and it identifies no injury that it would suffer absent a stay. *Id.* (internal quotation marks omitted). The balance of harms therefore favors Mr. Fernandez: the Government faces none, while any additional time in prison harms Mr. Fernandez, given the conditions he has endured and the fragile state of his family. (Dkt. 369 at 6–9, 11–13, 15.) Nor is the public interest served by continuing to imprison a man the Court has found poses no danger to anyone. (*See id.* at 14.)

For these reasons, the Court should deny the Government's request.

Respectfully submitted,

Benjamin Gruenstein

cc: Assistant U.S. Attorney Michael D. Maimin (by ECF and email)